## SUPREME COURT.

THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK agt. ISAAC E. SMITH and EDWARD A. SMITH.

*Ejectment, through forfeiture under covenant in a deed—Pleading.*

Certain lands were granted to defendants by the mayor, &c., of the city of New York, plaintiffs, the grantees covenanting that within three months after they "should be thereunto required by the parties of the first part," they would construct, at their own cost, in accordance with ordinances or resolutions of plaintiffs, such street or streets as fell within the limits of the lands conveyed. In 1875 a corporation ordinance was passed directing that curb and gutter stones be set, and sidewalks be flagged, on a certain street embraced within the grant; and another ordinance, subsequently passed, directed that the said street be paved, the work being required in each ordinance to be done under the direction of the commissioner of public works. In an action of ejectment to enforce a forfeiture of the grant for alleged breach of the covenant, in which these facts are alleged in the complaint, and that defendants have not done the work, or any part thereof, although six years have elapsed since they received notice of the ordinances.

*Held* (sustaining demurrer to the complaint), that to place the defendants in default, the complaint should have at least shown that the street was in a condition to receive the pavements and sidewalks, and that no impediment to the immediate doing of the work proceeded from any act or omission of the plaintiffs; and that notice of the resolutions and ordinances did not amount to the notice or requirement mentioned in the covenant, as the ordinances did not direct that the work was required to be done by the defendants.

VOL. LXIV    12

*Special Term, October,* 1882.

DEMURRER to complaint.

*Stephen A. Walker,* for defendants, in support of the demurrer.

*F. A. Irish,* for plaintiffs, opposed.

VAN VORST, *J.* — This is an action of ejectment brought by the plaintiffs to recover the possession of lands which the defendants hold, and of which they are in possession, under a grant executed by the mayor, aldermen and commonalty of the city of New York. The plaintiffs seek to enforce a forfeiture of the grant, and to recover a judgment for re-entry and possession, on the ground of an alleged breach of a condition subsequent contained in the grant. The substance of the covenants which are alleged to have been broken is given in the complaint.

The grantees, for themselves and their assigns, agreed that they should, and would within three months next after they, or any or either of them, " should be thereunto required by the parties of the first part," or their successors, at the proper cost and charges of the parties of the second part, or any or either of them, build, erect, make and finish, or cause to be built, erected, made or finished, according to any resolution or ordinance of the parties of the first part, already passed or adopted, or which might thereafter be passed or adopted, all such street or streets as fall within the limits of the premises described in the indenture, and would fill in the same with good and sufficient earth, and would regulate and pave the same and lay the sidewalks thereof.

The complaint alleges that, on the 20th day of May, 1875, a certain resolution and ordinance was adopted by the grantors, through the board of aldermen, and approved by the mayor, in the manner provided by the charter of the plaintiffs, which

resolution and ordinance were to the effect that, on the south side of Twenty-sixth street, from the Tenth avenue to the Hudson river, and, on the north side, from the Eleventh avenue to the Hudson river, the curb and gutter-stones be set and reset, and the sidewalks be flagged a space four feet wide, through the center thereof, where not already done, " under the direction of the commissioner of public works."

The premises affected by the ordinance and resolution are embraced within the grant, and no part of the work mentioned in the ordinance and resolution had at the date of their passage been done.

Afterwards another resolution and ordinance was adopted, and approved by the mayor, to the effect that Twenty-sixth street, from Eleventh avenue to the North river, "be paved with Belgian or trap block pavement, under the direction of the commissioner of public works."

It is averred that the resolutions or ordinances were duly published pursuant to the provisions of the charter.

The complaint alleges that the defendants have not done the work or any part thereof, although six years have elapsed since they received notice of the resolutions and ordinances.

The question arises under the allegations of the complaint, as to whether the defendants are legally in default.

It is to be observed that the defendants' agreement was that they would within three months next "after they or any or either of them should be thereunto required by the parties of the first part," &c., at their proper costs and charges, do or cause to be done," the prescribed work.

There has been no requirement, except through the reso lutions or ordinances. And it does not appear that the resolutions and ordinances required defendants to do the work.

They directed that the work should be done "under the directions of the commissioner of public works."

Whether the commissioner of public works has done anything, or is prepared to do anything, or has made any requirement in the premises, does not appear.

It is quite manifest that in order that work of the character described in the ordinances and resolutions should be well and efficiently done, there is preliminary work to be done by the municipal authorities, in the way of properly adjusting the grades, after the low lands had been properly filled, if they have been in fact filled, and in determining the width of the carriage-way to be paved with the Belgian blocks, and the location of curb stones, &c., &c., and it is for that reason doubtless, among others, that the commissioner of public works is mentioned in that connection, so that the regulations of the city with regard to improvements of this nature should be observed and the work be well done.

It does not appear that the commissioner of public works has done or demanded anything to be done.

To place the defendants in actual and strict default, so as to work a forfeiture of their rights under the grant and divest them of their estate, the complaint should have at least shown that the street was in a condition to receive the pavement and sidewalks, or that no impediment to the immediate doing of the work proceeded from any act or omission of the plaintiffs, or that everything needful had been done, in so far as the city was concerned, to the immediate doing of the work by the defendants. This is the more important, when the depressed condition of the ground and the filling required to build the street, which did not exist when the grant was made, is taken into consideration.

But it is a sufficient answer to the complaint that the ordinances and resolutions of the board of Aldermen do not require that the defendants should do this work.

It is, however, alleged that the defendants had notice of the resolutions and ordinances. If the fact be as is alleged, it does not amount to the notice or requirement mentioned in the covenant. To be effective, as notices, to place the defendants in default, these ordinances should have clearly directed that the work was required to be done by the defendants. It is not claimed that the resolutions or ordinances so direct.

The full text of the resolutions or ordinances is not given in the complaint, and if it is allowable to indulge in any presumptions with regard to their character, in the absence of any allegation in the complaint to the contrary, they may be regarded as having been adopted in the accustomed form, which merely ordains the doing of the work, and imposes no specific obligation upon owners of land on a street to do work of the character mentioned, but that the same is to be done by the city itself and its officials, the expense of which is to be apportioned by law. It was stated on the argument, by the defendants' counsel, that the ordinances are in fact of that character. But the decision is placed exclusively upon the ground that the notice or requirement contemplated by the covenant to place the defendants in default has not been given.

There should be judgment for the defendants on the demurrer, with liberty to the plaintiffs to amend on payment of costs.